Filed 3/26/24  Zeng v. Wang CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YING MAGGIE ZENG,<br>　　　Petitioner and Respondent,<br>v.<br><br>ALBERT HUAI-EN WANG,<br>　　　Defendant and Appellant. | A166681<br><br>(Sonoma County<br>Super. Ct. No. SFL089930) |

Pro per defendant Albert Huai-En Wang (Father) appeals from an order entered on November 9, 2022, which denied his request for compliance with child custody and visitation orders that were issued nearly a decade earlier in Orange County.  He contends he should have received due process protections afforded to criminal defendants and parents in juvenile dependency proceedings.  He further contends the trial court should have appointed an attorney for his daughter, ordered a child custody evaluation, and awarded him attorney fees and costs.  His contentions are without merit, and we will affirm the order.[1]

---

[1] Father has filed other appeals arising out of his family law issues with petitioner-respondent, Ying Maggie Zeng (Mother).  In Case No. A165473, we recently affirmed a custody order and domestic violence

1

# I. FACTS AND PROCEDURAL HISTORY

Father and Mother married in 2005 and have a minor daughter (Daughter). They divorced pursuant to a Judgment of Dissolution entered in Orange County Superior Court in March 2013.

After the divorce, Mother moved to Pennsylvania for work. Father refused to let Daughter move to Pennsylvania with Mother unless Mother signed a parenting plan that he proposed. Mother signed the plan, which was filed in Orange County Superior Court in June 2014 as a stipulation and order. After Daughter joined Mother in Pennsylvania, Mother and Father began to modify the plan orally, and they have not followed it since.

In 2017, Mother and Daughter moved to Sonoma County with Father's permission. Over the years, Daughter spent summer vacations and some holidays with Father in San Diego.

In July 2021, when Daughter was scheduled to return to Mother in Santa Rosa, Father refused to return Daughter and instead unilaterally enrolled her in a new school in San Diego. Mother filed an emergency petition in Orange County Superior Court. By order dated August 13, 2021, that court directed that Daughter be returned to Mother, that Daughter attend school in Santa Rosa to maintain the status quo, that Father have parenting time on Daughter's school breaks and holidays, and that all other orders not in conflict remain in effect.

On August 16, 2021, Mother filed a Request for Order in Orange County Superior Court for a change of venue to Sonoma County. In its Findings and Order After Hearing entered on October 12, 2021, the Orange

restraining order entered against him. Case No. A168238 (appealing a December 12, 2022 order) is pending. We dismissed Case No. A168859 (appealing a July 24, 2023 order) as an appeal from a non-appealable order.

County court transferred the case pursuant to Code of Civil Procedure sections 397.5 and 397 "because the ends of justice and the convenience of the parties are promoted by the change." The court reiterated that "[a]ll matters before the [c]ourt are transferred to Sonoma County." Father did not appeal. The transfer to Sonoma County was not completed, however, until December 2021.

Because of Father's ongoing campaign of harassment and verbal abuse, and because the dissolution case had not yet been transferred, Mother filed a new case in Sonoma County Superior Court (Case No. SFL08959) on October 21, 2021, pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.; DVPA).[2] The trial court granted a temporary restraining order protecting Mother and Daughter, set a hearing, and granted Mother full custody pending the hearing without visitation to Father. On March 4, 2022, after a four-day trial, the court granted Mother a two-year DVRO and granted Mother "temporary" sole legal and physical custody of Daughter, allowing Father visitation by video conference twice per week.[3] Father appealed (Case No. A165473), and we affirmed the orders.

On July 18, 2022—roughly four months after the Sonoma County Superior Court issued the DVRO and custody order in the DVPA proceeding—Father filed a Request for Order in this case (the one transferred from Orange County), seeking "[c]ompliance with Orange County Superior

---

[2] Except where otherwise indicated, all statutory references in this opinion are to the Family Code.

[3] The TRO and DVRO are not in the record, but Mother points out they are in the clerk's transcript in Case No. A165473. We construe the reference to be a request for judicial notice and grant it.

3

Court orders" concerning child custody and visitation, and attorney fees and costs.

In her declaration in response to Father's filing, Mother set forth the litigation history summarized above, urged that Father's motion be denied because the Sonoma County order superseded the Orange County orders, and argued that Father inadequately pled his request for attorney fees and costs because he did not ask for a specific amount or file the required Income and Expense Declaration (FL-150), Request for Attorney's Fees and Costs Attachment (FL-319), Supporting Declaration for Attorney's Fees and Costs Attachment (FL-158), or declarations containing the information sought by those forms.

The matter was heard on August 22, 2022, before the judge who issued the DVRO and related custody order. The record does not contain a transcript of the hearing. In her respondent's brief, Mother represents that a Settled Statement was approved by the trial court on July 24, 2023, but the Settled Statement does not appear in the record either. According to the court's minute order, at the hearing "Father request[ed] a custody evaluation be ordered," "minor's counsel be appointed," "[a]ttorney's fees and sanctions," and "custody of [Daughter,] stating he has not been able to have contact."

The trial court denied Father's request to order Mother to comply with the Orange County orders. In its minute order, the court explained that the "Orange County orders from 8 years ago . . . have been superseded after jurisdiction was transferred to Sonoma County" and "the past orders are no longer in effect." The court added: "Father's other requests are not properly before the Court today. [¶] Father may re-file but must meet and confer with Counsel first." The written Findings and Order after Hearing was entered on November 9, 2022. Father filed a timely appeal.

4

## II. <u>DISCUSSION</u>

Father contends the trial court should have taken "a flexible approach to provide [him] a 'minimum due process safety net,' including an early tripartite balancing [of] the defendant's parental rights, the child's best interest/children's rights, and plaintiff's parental rights, before issuing a temporary sole custody [order] that invalidates all pre-existing joint custody court orders and parenting agreements." (Footnote omitted.) He further argues, among other things, that the court should have appointed counsel for Daughter, ordered a child custody evaluation, and approved his request for attorney fees and costs. We have considered all of Father's arguments, and none of them has merit.

### A. <u>Request to Order Compliance with Orange County Orders</u>

The trial court concluded that the 2014 Orange County Superior Court order was superseded by the Sonoma County Superior Court's 2022 DVRO and custody orders. The court was correct. In 2021, the Orange County Superior Court transferred jurisdiction over all aspects of the parties' dissolution action, including child custody and visitation, to Sonoma County. By this order, the Sonoma County Superior Court obtained jurisdiction over the entire dissolution case, including custody and visitation. (Cf. *Thompson v. Thames* (1997) 57 Cal.App.4th 1296, 1303–1308.) Moreover, under the DVPA, the Sonoma County court had authority to make custody orders along with the TRO on October 26, 2021, and the DVRO on March 4, 2022. (§§ 6323, subd. (a) & 6340, subd. (a); see also § 3040 [court may modify existing custody order ex parte where parent committed recent or ongoing acts of domestic violence].) In addition, other provisions in the Family Code generally authorize the court to modify a prior custody order to promote the best interest of the child. (§§ 3087 ["An order for joint custody may be

5

modified or terminated upon the petition of one or both parents or on the court's own motion if it is shown that the best interest of the child requires modification or termination of the order"] & 3022 ["The court may, during the pendency of a proceeding or at any time thereafter, make an order for the custody of a child during minority that seems necessary or proper"].)  Indeed, in Case No. A165473, we affirmed the court's DVRO and order regarding custody and visitation.

Father nevertheless argues that he was not afforded the same due process and constitutional rights he would have had as a criminal defendant. In particular, he claims the Sonoma County custody order violated the Eighth Amendment prohibition against cruel and unusual punishment because it disproportionately deprived him of his parental rights when compared to what he allegedly did.  He also notes that in a criminal proceeding he would have had a Sixth Amendment right to counsel, the doctrine of " '[f]ruits of the poisonous tree' " would apply, and the burden of proof would be beyond a reasonable doubt.  In addition, Father argues that he would have had more due process protections if Sonoma County Child Protective Services had filed a juvenile dependency case against him.  He further claims that Daughter was deprived of her "unalienable rights to have frequent and continuous contact with both parents."  He contends that both he and Daughter have a claim under the Fourteenth Amendment Due Process Clause against the Sonoma County Superior Court.  He invokes a child's right to associate with both parents.  And he adds that joint custody is generally in the best interest of a minor child.

Father's arguments are unavailing.  He fails to establish that he received less process than what was due for his July 2022 request for an order or the 2021 DVRO and custody order.  (See, e.g., *In re Sade C.* (1996) 13

6

Cal.4th 952, 991–992 [decision adversely affecting child custody does not implicate the same due process rights as a criminal case]; *In re Marriage of Tara and Robert D.* (2024) 99 Cal.App.5th 871, 887 [no due process right to counsel in dissolution proceedings]; *In re William M.W.* (2019) 43 Cal.App.5th 573, 588 ["parents in dependency proceedings are not generally entitled to the same due process protections as criminal defendants"].) To the extent that he is challenging the enforceability of the DVRO and custody order, yet failed to raise these arguments in his appeal from those orders (Case No. A165473), his arguments have been waived or forfeited. To the extent he did raise the arguments in his prior appeal—such as the claim that he did not receive due process—we have already rejected them in the prior appeal, and nothing in his current briefs persuades us to rule otherwise now. He fails to establish any constitutional violation.

B. <u>Minor's Counsel and Child Custody Evaluation</u>

Father contends Daughter has the right to have an attorney appointed. Without citation to the record, he represents the following: "Father has made several formal FL-300 Requests for Order in Orange County and Sonoma County, as well as oral motions recorded in Court's Reporter's Transcript and/or Minute Orders in various court hearings. Father has tried his best to bring his minor's counsel appointment request before [the] Sonoma Court, and does not really know how to satisfy Judge Ottenweller's 'properly before this court' exclusionary requirement. [The] Sonoma Court's procedural requirements set[] an insurmountable bar to access to justice for self-represented defendants, who have substantive rights protected under the United States Constitution as well as California laws." In addition, Father contends the trial court should have ordered a child custody evaluation under section 3111 and a California rule of court. His contentions are meritless.

7

First, by failing to cite to the record concerning his "several" requests for minor's counsel, he has abandoned the argument and we need not consider it. (*WFG Natl. Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894; Cal. Rules of Court, rule 8.204(a)(2)(C).)

Second, there is no "insurmountable bar to access to justice" in requiring a self-represented litigant to properly present a request for minor's counsel. The Request for Order (FL-300) that Father used in July 2022 to seek compliance with the Orange County orders included a box for him to check and an area for him to explain if he wanted counsel appointed for Daughter or a child custody evaluation. Father did not do so. Instead, on page nine of his 10-page declaration in support of his Request for Order, he claimed it was "necessary" to have minor's counsel appointed. He also attached an exhibit, which appears to be a declaration he submitted in support of a *September 2021* request to the *Orange County* Superior Court, in which he asked for appointment of minor's counsel and a child custody evaluation. Father does not adequately explain why those references should be sufficient when he failed to request those orders on his Sonoma County FL-300. He therefore fails to demonstrate that the trial court erred in concluding that the issues of minor's counsel and a child custody evaluation were not properly before it.

Finally, even if the issues had been properly presented to the trial court, the court was not required to appoint minor's counsel or order a child custody evaluation merely because Father asked for it. Section 3150, subdivision (a) provides: "*If* the court determines that it would be in the best interest of the minor child, the court *may* appoint private counsel to represent the interests of the child in a custody or visitation proceeding, provided that the court and counsel comply with the requirements set forth in

8

Rules 5.240, 5.241, and 5.242 of the California Rules of Court." (Italics added.) Section 3111, subdivision (a) provides: "In a contested proceeding involving child custody or visitation rights, the court *may* appoint a child custody evaluator to conduct a child custody evaluation in cases where the court determines it is in the best interest of the child." (Italics added.) These statutes grant the court discretion to appoint counsel for minor or a child custody evaluator, and Father fails to demonstrate that the court abused that discretion. (See *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [absence of reporter's transcript frequently fatal to appeal because the trial court judgment is ordinarily presumed to be correct].) Nor does he establish any reasonable probability that the appointment of minor's counsel or a child custody evaluator would have resulted in a different outcome on his July 2022 request for compliance with the Orange County orders.

    C. <u>Attorney Fees</u>

Father contends the trial court should have awarded him attorney fees so he could hire a lawyer to safeguard his parental rights. His argument is meritless.

Father urges that he is entitled to need-based attorney fees under sections 2030 and 3121. But he provides no substantive argument in his opening brief, instead referring us to his argument in Case No. A165473. We rejected his argument in Case No. A165473, and we reject it here. Simply put, Father did not provide the forms or information required to obtain an order for attorney fees and costs.

As a general rule, "*to request* attorney's fees and costs [based on need under sections 2030 or 3121], a party *must* complete, file and serve" a request for the order (FL-300), a request for attorney's fees attachment (FL-319) or a comparable declaration addressing the factors in that form, a current income

9

and expense declaration (FL-150), and a FL-158 or comparable declaration providing the information covered by the FL-158. (Cal. Rules of Court, rule 5.427(b)(1), italics added.) "The party requesting attorney's fees and costs must provide the court with sufficient information about the attorney's hourly billing rate; the nature of the litigation; the attorney's experience in the particular type of work demanded; the fees and costs incurred or anticipated; and why the requested fees and costs are just, necessary, and reasonable." (*Id.*, rule 5.427(b)(2).) The record shows that Father did not provide a FL-319, a FL-150, a FL-158, or the requisite information with his request for attorney fees. In his declaration, he merely asked the trial court to order Mother to "pay [his] legal fees and expenses up to $50,000, in monthly installments that may be billed by my lawyer (to be retained in Sonoma County)." Although a court "may" order fees and costs in response to an oral motion made in open court at the "hearing of the cause on the merits" (see § 2031, subd. (b)(1)) without all the information required by rule 5.427(b), the party must still provide the court with sufficient information to establish need and entitlement to the fees. Father failed to do so.

In his reply brief, Father points out that the trial court "shall" rule on a request for attorney fees within 15 days (§ 3121, subd. (f)). He also emphasizes that the court "shall" ensure that each party has access to legal representation (§§ 2030, subd. (a)(1), 3121, subd. (a)), "shall" make findings when a request for attorney fees and costs is made (§§ 2030, subd. (a)(2), 3121, subd. (b)), and "shall" make a fee order if the findings demonstrate disparity in access and ability to pay (§ 3121, subd. (b)). But those obligations arise when the court is presented with a request supported by the requisite financial information, which Father did not provide. In any event,

10

Father's failure to provide the information with the request would render any error harmless.

Father also claims he is entitled to an award of attorney fees and costs pursuant to a 2013 Co-Parenting Agreement (Agreement) and the 2014 Stipulation and Order on Parenting Plan (Stipulation and Order) entered in Orange County. He argues that the parenting agreement attached to the stipulation and order should be enforced as a contract. But again, the FL-300 form by which he sought fees and costs required him to specify an amount he was seeking and to file forms FL-150, FL-319, and FL-158 (or equivalents), none of which he provided. Because Father's FL-300 did not even specify an amount he sought, the trial court did not err in concluding that the request was not properly before it.

Furthermore, the record does not demonstrate that Father was entitled to attorney fees or costs under the Agreement or Stipulation and Order. First, we question whether the parenting plan can be enforced as a contract, since it was incorporated into a stipulation and order. (See *Marriage of Umphrey* (1990) 218 Cal.App.3d 647, 656 [property settlement agreement ceased to operate as an independent legal instrument].) Second, even if the provisions of the parenting agreement regarding attorney fees could be enforced as part of a court order (or a contract), they are not relevant here. Section 8(a) of the Stipulation and Order states: "If Mother initiates any court action relating to Daughter's living arrangement or the Co-Parenting Plan *in Pennsylvania*, Mother shall be financially responsible for paying all reasonable legal fees" of Father and his travel expenses. (Italics added.) Mother did not commence this case in Pennsylvania. Finally, any error in not awarding fees and costs is harmless, because there is no reasonable

probability that an attorney's assistance would have changed the outcome of the proceeding.

### III.  <u>DISPOSITION</u>

The order is affirmed.

CHOU, J.

WE CONCUR:

JACKSON, P. J.

BURNS, J.

*Zeng v. Wang* (A166681)

12